**Tagged Opinion**

ORDERED in the Southern District of Florida on May 6, 2009



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

SAMUEL CHARLES MOHORNE,
a/k/a SAMUEL C. MOHORNE-EL,

Debtor.
_____/

Case No. 02-27505-BKC-JKO

Chapter 13

### ORDER DENYING DEBTOR'S EMERGENCY
### MOTION FOR RECONSIDERATION AND RECUSAL

This case is before me on the Debtor's Emergency Motion [DE 29] (the "Reconsideration Motion") seeking reconsideration of my Order [DE 27] (the "Order Denying Reopening") which denied the Debtor's motion [DE 25] (the "Motion to Reopen") seeking reopening of this 2002 case which was voluntarily dismissed in April 2003 and closed in July 2003. The Reconsideration Motion also seeks my recusal for alleged "personal bias and self righteous [sic] involvement."

Because motions for recusal challenge the Court's ability to provide a fair, impartial and unbiased tribunal for the adjudication of disputes, I will first address the recusal issue since I should enter no further orders in connection with this case if a sufficient basis for recusal has been stated.

**Recusal**

Federal Rule of Bankruptcy Procedure 5004 makes clear that the disqualification of a bankruptcy judge is governed by 28 U.S.C. § 455. Section 455(a) speaks in general terms and requires the recusal of a federal judge, including a bankruptcy judge, "in any proceeding in which his impartiality might reasonably be questioned," thus requiring recusal not only where the judge has *actual* bias[1] but also where he or she has acted in such a way as to give the appearance of partiality to a reasonable person. *SCA Services, Inc. v. Morgan,* 557 F.2d 110, 113-14 (7th Cir. 1977). The appearance of impartiality is virtually as important as the fact of impartiality. *Webbe v. McGhie Land Title Co.,* 549 F.2d 1358, 1361 (10th Cir. 1977). It is of no consequence that the judge is not actually biased, inasmuch as § 455 concerns not only fairness to individual litigants but also the public's confidence in the judiciary, which could be irreparably harmed if a case were allowed to proceed before a judge who appears to be tainted. *In re Kensington Intern. Ltd.,* 353 F.3d 211 (3rd Cir. 2003); *on remand* 305 B.R. 175 (D. Del. 2004); *opinion after remand* 368 F.3d 289 (3rd Cir. 2004).

A judge's rulings and expressions of opinion generally fail to justify recusal. As the Eleventh Circuit has put it, "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *Byrne v. Nezhat,* 261 F.3d 1075, 1103 (11th Cir. 2001). Of course

---

[1] By contrast, a showing of actual bias is required under 28 U.S.C. § 144, which by its express terms governs only "any proceeding in a district court."

judges hold and express opinions about the litigants and issues that they have formed during court proceedings. But as the Supreme Court succinctly stated in *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966): "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case."

*Grinnell* was decided prior to the enactment of the 1974 amendments which create the current version of § 455(a). In *Litek50 v. United States,* 510 U.S. 540 (1994), the Supreme Court extended the "extrajudicial source" doctrine in *Grinnell* to recusal under § 455(a). Just prior to his second trial, the criminal defendant in *Liteky* moved to disqualify the judge on the grounds that, during the earlier trial, the judge displayed "impatience, disregard for the defense and animosity" toward the defendant. *Id.* at 555. The Supreme Court rejected the contention that recusal was required:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* (internal citations omitted).

In this case, all of the matters about which the Debtor complains in the Reconsideration Motion relate to my Order Denying Debtor's Motion for Rehearing and/or Reconsideration entered on December 13, 2007, in the Debtor's subsequent chapter 13 case. *See* [DE 129] in Case No. 05-25836-BKC-JKO. The substantive issues resolved by that order relate to the Debtor's contention that a mortgage held by Beal Bank, SSB did not encumber certain real property owned by the

3

Debtor.[2] I concluded and ruled that I was bound by a final determination made in the state courts that Beal Bank, SSB's mortgage did encumber all of the real property at issue. Because my ruling dealt exhaustively with the rationale for my decision, I will not address these issues further here except to note that I held myself bound under principles of collateral estoppel and the application

---

[2]Bankruptcy Judge Paul G. Hyman had previously ruled on October 17, 2005, that the automatic stay in that case should be lifted so as to permit Beal Bank, SSB to foreclose on the property involved. *See* [DE 13] in Case No. 05-25836-BKC-JKO. On November 1, 2005, attorney Elias Leonard Dsouza filed a Notice of Appearance and Request for Papers [DE 14], on behalf of the Debtor. Attached to the back of Mr. Dsouza's Notice of Appearance [DE 14] as pages 4 and 5 of that Notice – and not separately filed – was a Motion for Rehearing and Reconsideration of Judge Hyman's Order granting stay relief (the "Motion for Rehearing"). Due to the manner in which the Motion for Rehearing was filed by Debtor's Counsel, the Clerk's Office did not become aware of the Motion for Rehearing until October 20, 2006, almost a year later, and it was then immediately docketed. *See* [DE 74]. It should further be mentioned that in the Motion for Rehearing Mr. Dsouza stated that he was filing a "barebones" motion in an "abundance of caution" and that he would file a "supplement to this Motion in the next few days." Nothing on the record demonstrates that Mr. Dsouza filed a supplemental motion nor does the record reflect that he pursued any subsequent action in connection with the Motion for Rehearing.

On February 21, 2006, the case was transferred to me. On October 19, 2006, the Debtor, acting without his counsel, filed an Emergency Motion to Enforce the Automatic Stay On Debtor's Homestead Residence [DE 65] (the "Motion to Enforce"). A hearing on that matter was held before Judge Raymond B. Ray as I was not available. Judge Ray denied the relief sought on the grounds that "Debtor never moved for rehearing or appeal of this order . . . [c]onsequently, there is no federal jurisdiction over the property." *See* [DE 68]. Judge Ray was not aware of the Motion for Rehearing filed by Mr. Dsouza which had still not been docketed when Judge Ray's order was entered on October 20, 2006. It must be reiterated that Mr. Dsouza never raised any issue regarding the Motion for Rehearing nor did he take any other steps of record to protect his client's interests in the property during the year following the filing of the Motion for Rehearing and prior to the filing (and denial) of the Motion to Enforce, nor during the year and eleven days between the denial of the Motion to Enforce and the filing of the Debtor's Motion to Reconsider [DE 102] Judge Ray's order. I denied as untimely the Motion to Reconsider by Order [DE 107]. The Debtor appealed that Order, which was affirmed by District Judge Alan S. Gold in Case No. 08-60035-Civ/Gold/McAliley by Order [DE 14 in that case] (S.D. Fla. April 30, 2008, *appeal dism.*, Case No. 08-13672-GG (11th Cir. Sept. 2, 2008).

of the *Rooker-Feldman* doctrine[3] from revisiting final rulings made in state court litigation between the Debtor and Beal Bank, SSB. My conclusion was drawn solely and exclusively from the pleadings and argument before me. The Debtor has not suggested that I was influenced by any extrajudicial source.

Under these circumstances, no adequate basis for my recusal under 28 U.S.C. § 455 has been stated. The Reconsideration Motion will be denied to the extent that it seeks my recusal in this case.

## Reconsideration

The Order Denying Reopening was entered April 20, 2009. The Reconsideration Motion was filed May 1, 2009, eleven days after the entry of that order. Relief from an order entered by a bankruptcy court may be sought by satisfying the requirements set forth in either Rule 9023 or Rule 9024 of the Federal Rules of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 9023, applying Federal Rule of Civil Procedure 59, allows a court to alter or amend a judgment where there is manifest error of fact, manifest error of law, or newly discovered evidence. *In re Investors Florida Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994) (*citing In re Oklahoma P.A.C. First Ltd. P'ship*, 122 B.R. 387, 394 (Bankr. D. Ariz. 1990)); *see also In re Bank of New England Corp.*, 142 Bankr. 584, 587 (D. Mass. 1992); *Allstate Publishing Co. v. ABC Liquors, Inc.*, (*In re Allstate Pub. Co., Inc.*), 101 B.R. 779, 781 (Bankr. M.D. Fla. 1989). A Rule 9023 motion must be filed within ten days of the entry of the order to which it relates.

Federal Rule of Bankruptcy Procedure 9024, applying Federal Rule of Civil Procedure 60, allows for reconsideration of an order when there is: (1) mistake, inadvertence, surprise, or excusable

---

[3] *Rooker v. Fidelity Trust Co.*, 2632 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Bankr. Pro. 9024 (applying Fed. R. Civ. P. 60(b)); *Drake v. Dennis*, 209 B.R. 20, 25 (Bankr. S.D. Ga. 1996).

Because the Motion for Reconsideration was filed more than ten days after the Order Denying Reopening was entered, Rule 9023 is unavailable and the Motion is necessarily governed by Rule 9024. In the Motion, the Debtor does not allege that any of the factors or grounds required for relief under Rule 9024 exist. Giving the Debtor the benefit of any doubt, it is possible that he is contending that ruling made in the Order Denying Reopening was a legal mistake within the meaning of Rule 60(b)(1).

Assuming that this is the Debtor's contention, I will revisit the singular legal issue presented. The ability to reopen a bankruptcy case is not a automatic right but instead is left to the sole discretion of the bankruptcy court on a case by case basis looking at the particular circumstances and equities of that specific case. *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 542-43 (8th Cir. 2005). "[T]he longer the time between the closing of the estate and the motion to reopen the more compelling the reason for reopening the estate should be." *Citizens Bank & Trust Co. v. Case (In re Case)*, 937 F.2d 1014, 1018 (5th Cir. 1991); *see also, Apex Oil Co.*, 406 F.3d *at* 543 (the Eighth Circuit upheld the bankruptcy court's ruling that the movant did not present a compelling reason to reopen its bankruptcy case more than seven years after it was closed).

This case was closed on July 30, 2003. Subsequently, the Debtor filed another chapter 13

case on September 12, 2005, which is currently pending before me. *See* 05-25836-BKC-JKO. The issues raised in the Motion can be dealt with in the Debtor's open chapter 13 case and, thus, there exists an alternate and more appropriate forum to seek such relief. *Apex Oil Co.*, 406 F.3d *at* 542-43 (finding that "the availability of relief in an alternative forum is a permissible factor on which to base a decision not to reopen a closed bankruptcy case"). Given the Debtor's ability to pursue the relief requested in the Motion before this same forum in his currently open chapter 13 case and that this case has been closed for well over five years, the Debtor has not demonstrated cause to warrant the reopening of this case, let alone made a compelling showing as required by *Case* and *Apex Oil*. Indeed there are compelling reasons why the Debtor's 2002 case should not be reopened. First, the reopening of a dismissed chapter 13 case requires that the Debtor's chapter 13 plan be brought current at the time of reopening. Since a chapter 13 plan cannot extend beyond sixty months, and since more than sixty months have passed since the 2002 case was closed, it is impossible for the Debtor to satisfy this requirement. Second, it is not possible for a debtor to be such in more than one case at a time. The Debtor's current case is active: he filed a Fourth Modified Chapter 13 Plan on May 5, 2009, in which he seeks to further modify his Third Amended Chapter 13 Plan confirmed by Judge Hyman by Order entered January 25, 2006. *See* [DE 30] in 05-25836-BKC-JKO. If I were to reopen this case it would be inconceivable how the two chapter 13 cases could interact in any efficient, effective or practical way at the same time. Finally, since the reopening of a closed bankruptcy case is discretionary, I choose for the reasons stated to exercise my discretion not to reopen this case.

I thus conclude that the Order Denying Reopening did not constitute a mistake and that reconsideration of that Order is unwarranted under Rule 9024. Accordingly, the Reconsideration

Motion will be denied to the extent that it seeks substantive reconsideration of the Order Denying Reopening.

Based upon the foregoing, it is **ORDERED** that the Debtor's Emergency Motion [DE 29] is **DENIED**.

###

Copies to:

Samuel C. MoHorne-EL
1503 N.W. 6th Avenue
Pompano Beach, FL 33060

Robin R. Weiner, Esquire

The Clerk is directed to serve copies of this Order on all other interested parties.